```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF INDIANA
                 SOUTH BEND DIVISION


UNITED STATES OF AMERICA,     )
                              )
Plaintiff,                    )
                              )
vs.                           )    NO. 3:06-CV-469
                              )
MARVIN D. MILLER, et al.,     )
                              )
Defendant.                    )
```

### OPINION AND ORDER

This matter is before the Court on the "Defendants Marvin D. Miller and Linda S. Miller's Motion to Dismiss," filed by Defendants, Marvin D. Miller and Linda S. Miller, on November 15, 2006. For the reasons set forth below, the motion to dismiss is **DENIED**.

BACKGROUND

The United States of America filed a complaint in this case on July 28, 2006. The complaint seeks to foreclose federal tax liens associated with unpaid federal income tax assessments against Marvin D. Miller that have attached to the real estate commonly known as 4140 South 750 East, Knox, Indiana (the "Knox Property"), which is titled and/or mortgaged in the name of Nova Citizens Exchange Company ("Nova"). Defendants' motion seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief could be granted.

The complaint alleges that federal tax assessments were made against Marvin D. Miller, have gone unpaid, and federal tax liens have

attached to all of his property and rights to property.  (Compl. ¶¶ 5-7.)  The Government further alleges that the Knox Property was conveyed to Marvin D. Miller and Linda S. Miller, husband and wife, by a warranty deed dated May 23, 1978, and recorded on May 30, 1978.  (Compl. ¶ 9.)  An instrument dated November 23, 1986, and recorded on April 13, 1987, recites that record title to the Knox Property was transferred and/or mortgaged to Nova.  (Compl. ¶ 10.)  The complaint alleges that the transfer of the Knox Property to Nova was made with the intent to hinder, delay, or defraud the United States, which, at the time of the transfer, was a creditor of Marvin D. Miller for unpaid taxes.  (Compl. ¶ 14.)  Finally, the complaint alleges that the federal tax liens have attached to the Knox Property, and should be foreclosed.  (Compl. ¶ 15.)

DISCUSSION

When deciding a motion to dismiss, this Court must assume the truth of a plaintiff's well-pleaded factual allegations, making all possible inferences in the plaintiff's favor.  *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 420 (7th Cir. 1994); *Jenkins v. Heintz*, 25 F.3d 536, 537 (7th Cir. 1994), *aff'd*, 115 S. Ct. 1489 (1995).  This Court may not dismiss the Plaintiff's Complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Black v. Lane*, 22 F.3d 1395, 1403 (7th Cir. 1994).  In order to prevail, the Defendant must demonstrate that "the plaintiff's claim, as set forth by the

-2-

complaint, is without legal consequence." *Veal v. First American Savings Bank*, 914 F.2d 909, 913 (7th Cir. 1990).

The first argument set forth by Defendants is that the complaint fails to aver "valuable consideration." (Defs.' Mot. to Dismiss, p. 4.) Defendants claim that the complaint is defective because it fails to assert that Nova gave valuable consideration in exchange for its interest in the Knox Property. In response, the Government argues that it was not required to assert that Nova gave valuable consideration for the interest. Nova was named as a defendant pursuant to 26 U.S.C. section 7403(b), which requires that in a lien foreclosure action like the present action, "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." Defendants have provided this Court with no authority showing that the Government was required to assert that Nova gave valuable consideration for its interest in the Knox Property. Moreover, this Court is not aware of any case law establishing that valuable consideration is an element that must be alleged in foreclosure cases like this.

Defendants also argue that the complaint fails to state a cause of action for which relief can be granted because it creates a "paradox": if the Knox Property was legitimately conveyed to Nova, then Defendants have no interest in the property and the federal tax liens should not attach to the property; however, if there was no legal conveyance to Nova, then the liens cannot attach because the Knox Property would still be held in tenancy by the entireties by Marvin D. Miller and Linda S. Miller. Defendants' argument is flawed.

-3-

First, it is possible that not all of the interest was transferred to Nova. For example, as noted by the Government, record title to the Knox Property could have been conveyed to Nova only as a nominee, while the equitable title stayed with Marvin D. Miller and Linda S. Miller.

Second, even assuming, *arguendo*, that the instrument involving a transfer of some right to Nova (attached to the Government's complaint as Exhibit 2), is not an absolute transfer of title (but merely a mortgage), the fact that title to the Knox Property would therefore still be held by the Millers in a tenancy by the entirety would not prevent attachment of the federal tax liens associated with the unpaid federal tax assessments against Marvin D. Miller. *See, e.g., United States v. Craft*, 535 U.S. 274 (2002) (holding that husband, as tenant by the entirety, possessed "property" or "rights to property" and federal tax lien could attach pursuant to 26 U.S.C. section 6321).

Lastly, Defendants argue that the complaint fails to state a claim with respect to the United States' alternative assertion - that if Nova now holds record title to the Knox Property, Nova is the alter ego or nominee of Marvin D. Miller. (Compl. ¶ 13.) Defendants contend that "Plaintiff alleges no material fact to support its claim for relief as to a judgment that Nova Citizens is either an 'alter ego' or 'nominee' of Mr. Miller."  (Defs.' Mot. To Dismiss, p. 6.) Moreover, Defendants insist that the complaint is conclusory and that the Government is merely conducting a fishing expedition for discovery. (Defs.' Resp. To Mot. To Dismiss, p. 2.)  "The federal

-4-

rules require . . . only that the complaint state a claim, not that it plead the facts that if true would establish . . . that the claim was valid." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  This Court finds that the Government has properly pled that if Nova holds title, it is acting as the nominee of Marvin D. Miller.  For example, the complaint alleges that the transfer to Nova was made with the intent to hinder, delay, or defraud the United States, which, at the time of the transfer, was a creditor of Marvin D. Miller for unpaid taxes.  (Compl. ¶ 14.)  Additionally, the complaint alleges that the transfer was made without consideration or without adequate consideration, and at the time of the transfer, or as a result of the transfer, Marvin D. Miller was insolvent.  These facts, as alleged, could support a finding that Nova was a nominee of Marvin D. Miller.  As such, the complaint is properly pled.

CONCLUSION

For the aforementioned reasons, "Defendants Marvin D. Miller and Linda S. Miller's Motion to Dismiss," is **DENIED**.


**Filed:  December 27, 2006**        /s/ RUDY LOZANO, Judge
                                     **United States District Court**