```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION

UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
     v.                        )    NO. 3:06-CV-469
                               )
MARVIN D. MILLER,              )
LINDA S. MILLER, and           )
NOVA CITIZENS EXCHANGE         )
COMPANY,                       )
                               )
Defendants.                    )
```

## OPINION AND ORDER

This matter is before the Court on the United States' Motion for Summary Judgment (D.E. # 37) filed by the Government on June 27, 2007. In this motion, the Government requests judgment in its favor on its claim for foreclosure of the federal tax liens that have attached to the real property at 4140 South 750 East, Knox, Indiana ("the Knox property"). For the reasons set forth below, this motion is **GRANTED IN PART AND DENIED IN PART.**

BACKGROUND

Mr. and Mrs. Miller own the Knox property as tenants by the entirety. Mrs. Miller purchased the land with money from a prior marriage and she and Mr. Miller built the house currently on the

property. Mrs. Miller has made improvements to the landscape and to the interior of the house.

Mr. and Mrs. Miller have lived at the Knox property since 1979 and currently live there with an adult son. Mrs. Miller is not employed, has no residence other than the Knox property, and is not in good health.

Mr. Miller "is a career tax protestor." *United States v. Insurance Consultants of Knox, Inc.*, 187 F.3d 755, 762 (7th Cir. 1999). On at least three occasions he has attempted "to challenge the constitutionality of the entire federal income tax structure." *Marvin D. Miller v. United States*, 868 F.2d 236, 237-38 (7th Cir. 1988).

On November 23, 1992, and October 20, 1993, the Internal Revenue Service (IRS) assessed income tax, penalties and interest against Marvin D. Miller for failure to pay federal income taxes from 1982-1989. Notices of these assessments and demand for payment were sent to Mr. Miller on or about the dates of the assessments. Mr. Miller's liability for these tax assessments is not in dispute. Indeed, the Seventh Circuit has already affirmed the decision of this Court entering judgment in favor of the United States and against Marvin D. Miller for the full amount of these unpaid assessed liabilities (*United States v. Marvin D. Miller,* No. 3:02cv790, D.E. # 26, May 18, 2004).

To recover Mr. Miller's unpaid tax assessments, the Government brought this action pursuant to 26 U.S.C. § 7403 to foreclose on the Knox property owned by Mr. and Mrs. Miller as tenants by the entirety on July 28, 2006. In this motion for summary judgment, the Government seeks an order of foreclosure on the Knox property. Mr. Miller only disputes whether a lien can attach to a tenancy by the entirety. Mrs. Miller urges this Court to exercise its equitable discretion and not order sale of the Knox property.

DISCUSSION

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110

(7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Here, Mr. Miller has neglected or refused to pay his taxes after demand. In such a case, a lien automatically attaches to "all property" and "rights to property" belonging to him. 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."). This rule "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *Drye v. U.S.*, 528 U.S. 49, 56 (1999) (quoting *United States v. National Bank of Commerce*, 472 U.S. 713, 719-20 (1985)).

Under the Internal Revenue Code, the Government may bring a civil action to enforce a lien arising from a taxpayer's refusal or neglect to pay a tax due: "The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to

-4-

and liens upon the property." 26 U.S.C. § 7403(c). Section 7403 also authorizes a federal district court, in a suit instituted by the Government, to decree a sale of a home to which a lien has attached to satisfy the tax indebtedness of delinquent tax payers. 26 U.S.C. § 7403(c); *U.S. v. Rogers*, 461 U.S. 677 (1983).

In the present case, Mr. Miller contests whether his interest in the Knox property constitutes "property" or "rights to property" within the meaning of 26 U.S.C. § 6321. Although Mr. Miller acknowledges that *United States v. Craft*, 535 U.S. 274, 288 (2002) holds that a spouse's interest in a tenancy by the entirety property constitutes "property" or "rights to property" for the purposes of 26 U.S.C. § 6321, he urges this Court not to follow *Craft*.

*Craft*, however, directly applies to this case and is binding on the Court. *See, e.g., Agostini v. Felton*, 521 U.S. 203 (1997) (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 485 (1989))("We reaffirm that '[i]f a precedent of this Court has direct application in a case . . . the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'") Accordingly, Mr. Miller's interest in the Knox property constitutes "property" or "rights to property" within the meaning of 26 U.S.C. § 6321. As such, a lien attached to Mr. Miller's interest in the Knox property when Mr. Miller refused to pay his taxes after demand

and, therefore, Mr. Miller's interest in the Knox property is subject to foreclosure pursuant to § 7403. Accordingly, this Court **GRANTS** summary judgment against Mr. Miller.

In enforcing a lien pursuant to § 7403 and decreeing sale of a home, however, district courts may exercise a degree of equitable discretion where the interests of third parties are involved. *See Rogers*, 461 U.S. at 709-710. Relevant factors in exercising this discretion include whether the Government's financial interests would be prejudiced by a partial sale, whether the third party has a legally recognized expectation that the separate interest would not be subject to forced sale, the extent of the prejudice to the third party, and the relative character and value of the non-liable and liable interests held in the property. *Id.* at 710. Whether the third party has engaged in a fraudulent conveyance may also be relevant. *See, e.g., United States v. Bierbrauer*, 936 F.2d 373, 376 (8th Cir. 1991).

Here, the parties do not agree whether Mrs. Miller engaged in a fraudulent conveyance of the Knox property. In addition, neither party has adequately shown what Mrs. Miller's percent interest in the Knox property is. And it is not clear the extent to which Mrs. Miller will be prejudiced by a forced sale. Accordingly, trial on these issues is necessary.  At trial, the Court will hear no

further argument from Mr. Miller as summary judgment has already been **GRANTED** in favor of the Government and against Mr. Miller.

CONCLUSION

For the reasons set forth above, the Government's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART.**

**DATED: January 2, 2008**                    /s/ RUDY LOZANO, Judge
                                              **United States District Court**